Summers, C. J.
The plaintiff in error filed a petition in the court of common pleas of Mahoning county against the defendant to recover damages for a breach of contract.' At the same time the plaintiff filed an affidavit for attachment and garnishee process. Each affidavit stated as ground for attachment that the defendant was a foreign corporation. Neither affidavit nor the petition negatived the exceptions as to foreign corporations in Section 5521, Revised Statutes, and each affidavit was sworn to before a notary public, who was also the attorney for the plaintiff. The defendant, within a day or two after the levy of the order of attachment gave bond under Section 5545, Revised Statutes, and obtained possession of its property. Subsequently the defendant, without entering its appearance, filed a motion to discharge the attachments on the ground that the affidavits were defective in failing to negative the exceptions, and on the ground that the affidavits were not authorized to be made before a notary who was the plaintiff’s attorney. When the motion came on for hearing the plaintiff applied for leave to amend its affidavit in attachment, said amendments to operate as of- the dates of the original affidavits, by adding to that part of said *237 affidavits which states the ground's of attachment as the non-residence of the defendant corporation the words “and has not filed with the secretary of the state of Ohio, the statement required or provided by Section 148c, Revised Statutes of Ohio, nor procured from the secretary of the state of Ohio, the certificate required or provided by Section 148d, Revised Statutes of Ohio, nor complied with the provisions of either or both of said sections.” This application was overruled and on hearing of the motion to discharge it was granted and the attachment was discharged.
On error the judgment was affirmed in the circuit court and error is prosecuted in this court.
The first contention on the part of plaintiff is that the giving of the bond discharged the attachment and waived any defect in the affidavit. Section 5545, Revised Statutes, reads as follows: “If the defendant, or other person on his behalf, at any time before judgment, cause an undertaking to be executed to the plaintiff, by sufficient surety resident in the county, to be approved by the court, in double the amount of the plaintiff’s claim as stated in his affidavit, to the effect that the defendant shall perform the judgment of the court, the attachment shall be discharged, and restitution made of any property taken under it, or the proceeds thereof; and such undertaking shall also discharge the liability of a garnishee in the action, for any property of the defendant in his hands; provided that, when plaintiff’s claim is for causing death or a personal injury by a negligent or wrongful act, the undertaking required shall be in such amount as shall be fixed by the court *238 where the action is pending, or a judge thereof, if application is made in vacation.” This contention is decided against the plaintiff in The William Edwards Company v. Goldstein, 80 Ohio St., 303, in which case proceedings in attachment before a justice of the peace were under consideration. It was there pointed out that the provisions of Sections 5529 and 5545 were like the provisions relating to the justice of the peace. And it was there held that the defendant may, at any time before judgment, move for the discharge of the attachment, although he has previously given bond for its discharge under Section 6513. And this court, since the decision in that case, has ruled that the giving of a discharge bond under Section 5545, Revised Statutes, does not deprive the defendant of the right at any time before judgment to move for and obtain a discharge of the attachment under Section 5562, Revised Statutes. It was so held in The Brown & Ketcham Iron Co. v. L. P. Hazen & Co., 11 C. C., N. S., 48, and that judgment was affirmed by this court without opinion in 81 Ohio State, 511, on authority of the case in 80 Ohio State, supra.
Next it is contended that it was not necessary to negative the exceptions in Section 5521, Revised Statutes. That section reads: “That in a civil action for the recovery of money the plaintiff may, at or after the commencement thereof, have an attachment against the property of the defendant upon the grounds herein stated.
“1. When the defendant, or one of several defendants, is a foreign corporation, except' as provided by an act entitled ‘An act to further *239 supplement Section 148 of the Revised Statutes/ passed May 16, 1894 (91 O. L., 272), and except as provided by an act entitled 'An act to amend Section 1 of an act,' etc., passed May 19, 1894 (91 O. L., 355) (Sections 148c, 148d) ; or á nonresident of this state.”
It will be observed that the section does not provide for an attachment against all foreign corporations, but only against those that do not come within the exceptions. The proceedings in attachment are statutory remedies, and it is too well settled to need the citation of authorities that where a statute confers a right or gives a remedy unknown to the common law that the party asserting the right, or availing himself of the remedy, must in his pleadings bring himself or his case, clearly within the statute. The statute does not provide for an attachment against all foreign corporations, but only on those that do not come within the exceptions, so that it -is necessary to negative the exceptions in order that it may appear that the fact that the corporation is a foreign corporation is a ground of attachment.
It is -further contended that an affidavit in attachment may be made before a notary public who is the attorney for the plaintiff. Section 5264, Revised Statutes, provides that an affidavit may be made before any person authorized to take depositions. Section 5271, Revised Statutes, provides that the officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding. Section 5107, Revised Statutes, provides that the affidavit verifying the *240 pleading may be made before any person authorized to administer oaths, whether an attorney in the case or not. An affidavit is a written declaration under oath, made without notice to the adverse party, and in view of the very important purposes for which it may be used it would seem that it is just as important that the officer before whom it is made should be disinterested as it is in the taking of a deposition for which notice is required. This was the sole ground of objection to the affidavit in the case last above cited, and the affirmance of the judgment of the circuit court necessarily raised that question.
Lastly it is contended that the court erred in refusing leave to amend the affidavit. A sufficient affidavit is essential to jurisdiction in a proceeding in- attachment. In Lessee of Paine v. Mooreland, 15 Ohio, 435, it is held that the court acquires jurisdiction in attachment, by the issuing of process, predicated upon the requisite affidavit, and the attaching of the property. In Pope et al. v. The Hibernia Insurance Co., 24 Ohio St., 481, the attachment was based upon the ground of non-residence. The affidavit was defective in that it failed to show that the cause of action is one arising upon contract, judgment or decree. An order of attachment issued and the insurance company was garnisheed. After the service of the writ the plaintiff by leave of court amended the affidavit to show the omitted fact, but a new writ of attachment was not issued. It was held: “Jurisdiction of a' defendant cannot be acquired by proceedings in attachment, on the ground of his non-residence in the state, when the petition in the case, and *241 the affidavit for attachment, fail to show that the cause of action is one arising upon contract, judgment or decree. Jurisdiction cannot be acquired in such case, by amendment of the petition and affidavit, showing a causé of action arising upon contract, without the issuance of an attachment after the amendment.”
In the present case it was sought not only to amend the affidavits, but also to nunc pro tunc the amendment so as to vivify the void writ. This, of course, could not be done. Moreover, if the amendment had been made, still the affidavits would have been fatally defective on the ground that they were made before the attorney.
The judgment is affirmed.

Judgment affirmed.

Crew, Spear, Davis, Shauck and Price, JJ., concur.